IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFERY GREENE,

    Petitioner,

vs.                               Case No. 4:15cv602-RH/CAS

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS PETITION

This cause is before the Court on a pro se petition for writ of mandamus filed by Petitioner, Jeffery Greene. ECF No. 1. Petitioner is incarcerated at the Taylor Correctional Institution in Perry, Florida, pursuant to a state court judgment. *See id.*; Inmate Population Information Detail available online at www.dc.state.fl.us. This Court opened the case as a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and Petitioner has paid the $5.00 filing fee. ECF Nos. 3, 7.

Upon review of Petitioner's hand-written document, it appears that he essentially seeks appellate review of a state circuit court order prohibiting him from filing additional pro se pleadings attacking his conviction and sentence, as a sanction for repeated and frivolous motions. ECF No. 1 at

4. He attaches a copy of the state court's order as "Exhibit B." ECF No. 1 at 37-39.

Petitioner cites only Florida rules of procedure and case law. For relief, Petitioner asks this Court to issue a writ of mandamus evidently directed to the First District Court of Appeal (DCA) because his "notice of appeal has been pending for more than a reasonable amount of time" in case number 1D14-5714. ECF No. 1 at 5, 8. Petitioner attaches, as "Exhibit I," a copy of an order from the First DCA in case number 1D14-5714, dated April 1, 2015, denying his motion to reinstate his appeal and explaining that he "failed to pay the filing fee or file a current certificate of indigency issued by the circuit court." ECF No. 1 at 10-11. Petitioner also attaches, as "Exhibit F," an order dated February 17, 2015, from the First DCA dismissing his appeal in case number 1D14-5714, explaining that the court did not receive a response to its December 16, 2014, order requiring Petitioner to pay the $300.00 filing fee or obtain an order from the lower tribunal to waive the filing fee. ECF No. 1 at 19-20; *see id.* at 31 (copy of First DCA order dated December 16, 2014). Thus, the First DCA has dismissed his appeal and denied his motion to reinstate the case.

Regardless, this Court cannot grant the mandamus relief requested. Federal mandamus is available only to compel "an officer or employee of

the United States or any agency thereof to perform a duty owed to he plaintiff." 28 U.S.C. § 1361. "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, Dekalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States.

Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir. 1998). The habeas corpus jurisdiction of the federal courts is an exception to this rule. *See, e.g.,* Sumner v. Mata, 449 U.S. 539, 543-44 (1981) (explaining that, in granting a petition filed pursuant to 28 U.S.C. § 2254, "even a single federal judge may overturn the judgment of the highest court of a State"); Dale v. Moore, 121 F.3d 624, 627-28 (11th Cir. 1997) (citing Sumner and noting that habeas corpus is an exception to Rooker-Feldman doctrine).

Petitioner is "a person in custody pursuant to the judgment of a State court" so a claim "that he is in custody in violation of the Constitution or

laws or treaties of the United States" would proceed under 28 U.S.C. § 2254.  *See, e.g.,* Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003).  Defects in collateral proceedings or review, as alleged here, are unrelated to the underlying cause of detention, and do not state a claim for habeas corpus relief.  Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004), *cert. denied*, 543 U.S. 960 (2004), *citing* Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987).  *See* In re Rutherford, 437 F.3d 1125, 1127 (11th Cir. 2006) (citing Quince and Spradley); Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1330 (11th Cir. 2006), *cert. denied,* 549 U.S. 1216 (2007) (citing Spradley).

In addition, to the extent Petitioner intended to submit this as a § 2254 petition for writ of habeas corpus, the petition should be dismissed as an unauthorized second or successive habeas corpus application under 28 U.S.C. § 2244(b)(3)(A).  A review of this Court's docket reflects that Petitioner has previously filed a § 2254 petition challenging his state court conviction and sentence.  *See* Greene v. McDonough, 4:07cv401-SPM/AK.  This Court denied that petition on the merits on August 6, 2010.  *See id.* ECF No. 51.  Petitioner sought leave to appeal to the Eleventh Circuit Court of Appeals but that court determined he failed to make the requisite showing for a certificate of appealability.  *See id.* ECF No. 69.  This court

lacks jurisdiction to consider a second or successive habeas corpus petition in the absence of an order from the Eleventh Circuit authorizing the filing. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147 (2007).

## Conclusion

Based on the foregoing, to the extent Petitioner Greene seeks mandamus relief, the petition should be dismissed for lack of jurisdiction. And, to the extent Petitioner Greene seeks habeas corpus relief, the petition should be dismissed for lack of jurisdiction as an unauthorized successive habeas corpus application. Accordingly, the petition (ECF No. 1) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DISMISS** the petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate of

appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 26, 2016.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.